STATE OFFICERS AND EMPLOYEES
House Bill 1559 effectively removed Carl Albert Community Mental Health Center, McAlester, Oklahoma, and the Jim Taliaferro Community Mental Health Center, Lawton, Oklahoma from the provisions of the Merit System of Personnel Administration, 74 O.S. 801 [74-801] et seq. (1971). Executive Orders numbered 22 and 23, dated July 3, 1978, effectively place these institutions with the exemptions included therein, under the provisions of the above said act. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Did the provisions of House Bill 1559, effective July 1, 1978, 1978 Legislative Session, effectively remove the Carl Albert Community Mental Health Center, McAlester, Oklahoma and the Jim Taliaferro Community Health Center, Lawton, Oklahoma, from the coverage of the State Merit System of Personnel Administration. 2. If not, do executive orders numbered 22 and 23, dated July 3, 1978, have any effect upon the status of personnel within the above newly designated institutions. The provisions of the Merit System of Personnel Administration are contained within Title 74 O.S. 801 [74-801] et seq. (1971). Within the above act, 74 O.S. 802 [74-802] states as follows: "74 O.S. 802 [74-802]. Placing of agencies and departments under system — Transfer of Books, records, etc. — The word agency as used in this Act is defined to mean any board, commission or institution of the State Government. The Governor of the State of Oklahoma, upon determining that the merit system of personnel administration with the rules and regulations adopted thereunder should be required, is hereby empowered and authorized, at his discretion, by an Executive Order, to place any agency or department of the State Government, and the employees thereof, with exempt positions as stipulated by said order, under the merit system of personnel administration prescribed by this Act and the rules and regulations promulgated hereunder by the State Personnel Board. This Section shall not authorize by Executive Order the removal of any agency or department of State government placed under the merit system of personnel administration prescribed by this Act and the rules and regulations promulgated hereunder by the State Personnel Board. "Notwithstanding any provisions to the contrary, this Act shall not be extended to any department or agency or employee, except in the manner and as provided in this Section. Pending the issuance of any such Executive Order by the Governor and pending the effective date of the system as specified in any of said orders by the Governor, the agency or departmental merit system for personnel administration heretofore established in any of the State departments shall be in full force and effect. "Any Executive Order of the Governor may provide that the agencies or departments affected thereby shall transfer to the State Personnel Board hereafter created, all books, records, registers, equipment, and other property heretofore made available for the operation of its agency or departmental merit system." Emphasis added Attorney General's Opinion No. 75-147, interprets the above section as rendering null and void those portions of Executive Orders which have the effect of removing an agency or position already placed under the merit system. The provisions of the above referenced House Bill 1559, designates the Carl Albert Community Mental Health Center and the Jim Taliaferro Community Mental Health Center as institutions within the Department of Mental Health of the State of Oklahoma. Prior to the enactment of this bill, the respective Health Centers were statutorily considered a part of the Central State Griffin Memorial Hospital which had been placed under the Merit Act by Executive Order signed on May 27, 1960, by then Governor J. Howard Edmondson. At that time separate Executive Orders had been promulgated placing the Department of Mental Health, Western State Hospital, Eastern State Hospital and the above-mentioned Central State Griffin Memorial Hospital under the State Merit System. The obvious effect and intent of those Executive Orders was to treat each hospital and the Department itself as a separate entity or institution for purposes of the merit system. This appears to be consistent with the Merit System Act which at 74 O.S. 802 [74-802] defines agency as any board, commission or institution of the state government. The state legislature at Section 8 of House Bill 1559 has redesignated the above-mentioned Mental Health Centers as institutions within the Department of Mental Health. For this act to be consistent with previous enactments and Executive Orders, new Executive Orders would be required to bring the newly designated institutions under the provisions of the Merit System Act. This is the obvious intent of House Bill 1559 and Executive Orders numbered 22 and 23, dated July 3, 1978, have effectuated this intent. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. House Bill 1559 effectively removed Carl Albert Community Mental Health Center, McAlester, Oklahoma, and the Jim Taliaferro Community Mental Health Center, Lawton, Oklahoma from the provisions of the Merit System of Personnel Administration, Title 74 O.S. 801 [74-801] et seq. (1971). Executive Orders number 22 and 23, dated July 3, 1978, effectively place these institutions with the exemptions included therein, under the provisions of the above said act. 2. Your second question is therefore rendered not applicable. (JOHNNY J. AKINS) (ksg)